CAINE, PLAINTIFF-APPELLANT, v. LAKEWOOD (CITY) ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25699. Decided January 31, 1963.

Mr. *Hugh McNamee*, for plaintiff-appellant.

Mr. *John L. Lamb*, law director, for defendant-appellee, The City of Lakewood.

Messrs. *Squire, Sanders & Dempsey*, for defendant-appellee, The Eggleston Development Company.

*Per Curiam.* This is an appeal on questions of law and fact from a judgment and decree entered after trial on the merits in the Court of Common Pleas of Cuyahoga County, together with two motions, one by appellee, the Eggleston Development Company, and the other filed by the appellee, The City of Lakewood, to dismiss the appeal on two grounds:

1. That the issues have become moot.

2. For want of prosecution.

The plaintiff's petition, alleging the plaintiff to be a taxpayer of The City of Lakewood, seeks to enjoin the defendants from "performing any act in consequence of" or pursuant to the action of the City Council of Lakewood in approving a plat filed as provided by the charter of the city in seeking the subdivision of a certain parcel of land and the dedication of a street therein as a public highway. A plat of this proposed subdivision and improvement had been filed with and approved by The Lakewood Planning Commission on November 10, 1960. It was then submitted to the City Council where, on December 5, 1960, by oral motion, it was approved by the Council. On December 6th it was recorded on the records of Cuyahoga County in the office of the County Recorder. The plaintiff filed a written request upon the Law Director of The City of Lakewood to bring an action to declare the action of the City Council a nullity because of its approving the proposed subdivision by oral motion rather than by ordinance or by resolution presented in writing and to enjoin these defendants from acting on the authority of such legislation. This request was refused and the plaintiff, as a taxpayer, filed this action on January 31, 1961, alleging the refusal of the Law Director to act, and seeking to enjoin these defendants from acting under such authority. Upon trial, the

Court of Common Pleas found for the defendants, dismissed plaintiff's petition, and dissolved a temporary restraining order entered pendente lite that had been granted at plaintiff's request upon filing the action and posting a bond of $1,000. The journal entry of the trial court was filed June 8, 1961. A motion for new trial, timely filed, was overruled June 20, 1961, and a notice of appeal was filed on questions of law and fact on June 27, 1961. An appeal bond was filed with the trial court in the sum of $200.00, as fixed by the trial court on June 28, 1961, and a precipe for transcript was filed June 30, 1961. No request was filed in this court for a temporary restraining order pending trial on the merits such as was filed and issued when the action was commenced in the trial court, which temporary order was dissolved upon judgment for the defendants upon trial on the merits.

On June 19, 1961, after the judgment had been entered against the plaintiff, the City Council adopted a resolution (presented as provided by the Charter) approving a proposal for the improvement of Kirtland Lane (the street described by another name in the plat approved by the Lakewood Planning Commission on November 10, 1960), and on July 5, 1961, the Council of the City of Lakewood, by ordinance, adopted by a unanimous vote of the Council, accepted the proposed subdivision and affirmed the dedication of Kirtland Lane as a public highway. Thereafter, The Eggleston Development Company, with permits issued, by the city, installed all of the public utilities and paved and graded the street, and upon receiving building permits from the city, built and fully completed nine homes ranging in value from $55,000 to $70,000 each. Moreover, substantial work has been performed on three other houses upon building permits issued by the city. There are sixteen lots in the subdivision.

The foregoing facts are presented in part by affidavits filed with the motions to dismiss the appeal with exhibits showing pictures of some of the completed houses and setting forth photostats of the city ordinance and resolutions passed June 19 and July 5, 1961. In the supplemental affidavit it is set out that The Eggleston Development Company has expended $665,-664.31 in installing the improvements and building homes since

the decision of the lower court and that it is obligated by contract to expend over $57,000 more.

In giving consideration to the motions as presented upon the undisputed facts set out in the affidavits and the record, it is unquestionably true that because of plaintiff's failure to use procedures available to him to stay the judgment on the court after trial on the merits, the defendants had a legal right to proceed with their several purposes to develop the proposed subdivision. This result follows from the fact that an appeal on questions of law and fact is said to either suspend or vacate the judgment appealed. 3 Ohio Jurisprudence (2d), 256, Para. 354. It is suggested by the text of this authority that the better view seems to be that in a law and fact appeal the judgment is suspended until the determination of the issues upon trial in a reviewing court. But the reviewing court considers the cause on the pleadings and evidence introduced in the appellate court presented on the trial of the appeal. If, therefore, a stay pendente lite, as provided by Section 2727.05, Revised Code, is desired, it must be procured upon the granting of an application in a proper case and on a proper showing of facts that would give rise to such stay. Under the circumstances; as shown by the uncontroverted affidavits filed by the defendants with their motions to dismiss this appeal, which show that the conduct which the plaintiff desires to enjoin has been fully performed by the City of Lakewood and the defendant, The Eggleston Development Company, has proceeded to such an extent in the development of the subdivision, expending large sums in such development and in the building of residences subsequent to the dissolution of the temporary restraining order, a court of equity could not act in good conscience in furtherance of plaintiff's prayer to enjoin the conduct of the parties as to matters which have now been fully accomplished. Certainly, where the prayer of the plaintiff's petition seeks to prevent adverse parties from the use of their property, such result can only be accomplished by a temporary restraining order secured by a sufficient bond fixed by the trial court in order to protect the defendants from any loss sustained in being prevented from the lawful enjoyment of their property rights if upon trial the defendants should prevail. The issues to be tried on this appeal have for all intents and purposes become moot.

We find no merit to the claim of the plaintiff's attorney for attorney fees and costs where the issues have become moot requiring this court to proceed to hear the case on the merits. *Mines* v. *Witt, City Clerk,* 82 Ohio St., 237, 92 N. E., 21.

The motions to dismiss the appeal, therefore, are granted.

Inasmuch as the foregoing motions were passed for hearing until the trial of the case on its merits and, therefore, a full presentation of the case was presented by the parties, this court's conclusions of the rights of the parties, if we had reached the point of consideration of the case on the merits, should receive attention.

The Charter of the City of Lakewood provides the method for submitting a new real estate subdivision for approval, including the dedicating of a street, as proposed by the proprietor by the filing of a map or plat with the Planning Commission for approval. If the Planning Commission refuses to approve the plat, the proprietor, by taking the steps set out in the Charter, may present it to the City Council for its consideration. It is clear that if the Planning Commission approves the plat, the first step is accomplished and approval by the Council in the first instance is not required. This procedural fact makes it abundantly clear that the act of the City Council in approving the plat by oral motion after it had been approved by the Planning Commission was an unnecessary act and did not in any way invalidate the proceedings by which the acceptance of the subdivision and the dedication of the street was accomplished.

Our conclusion, therefore, on the merits is that we would have come to the same conclusion as was reached by the trial court.

KOYACHY, P. J., SKEEL and SILBERT, JJ., concur.